Good morning. May it please the court, Martin Navia, on behalf of Mr. Gonzales, the petitioner. This case boils down to a single and overarching truth previously acknowledged by this court, and I quote, The Anti-Terrorism and Effective Death Penalty Act does not provide a means for federal courts to engage in error correction of state court rulings that favor defendants. That was this court in Brown v. Baker, a case factually almost identical, procedurally almost identical to Mr. Gonzales' case. In this case, what the court did is it swastbante on its own accord, and before the state had at any point in time argued the issue as to whether probable cause determination had occurred by affidavit review, the court swastbante expanded the state court record and rebutted a state court finding that such a determination had never occurred. Counsel, did any side object to the state court swastbante enlarging of the record? So the court noted that objections could be submitted, and no objections were submitted. The petitioner in the lower court was not aware of what the court intended to do with that. The petitioner was not aware that the court intended to completely disregard 2254-D1, 2254-D2, as well as 2254-E1, and that's what the court did here. But the simple fact is there's no need to get into the machinations and the complications of the statute because there simply is no mechanism for the court to have done this. AEDPA states that a habeas petitioner may obtain relief if certain hurdles are overcome. He must present a constitutional claim. He must exhaust those claims. He must demonstrate that a decision is unreasonable, an unreasonable application of clearly established Federal law or based on unreasonable determination of facts. And then he may not expand the state court record unless he meets certain very limited exceptions. Mr. Novio, I guess here's at least one of my problems here at the threshold. It seems that the State doesn't seem to contest de novo. We'll hear from them and see whether they contest de novo. But assuming you get past those hurdles, we're back in de novo. In other words, the petitioner is put in the same position of proving breach, notwithstanding what the court of appeal said or so. And the petitioner then has that burden. So why would, if the district court looked at this de novo and the generally, for our view, interpretation of a plea agreement is a question of law, setting aside the additional evidence, just looking at the register, how is petitioner satisfied now his burden of proof to establish a breach, given the record as it is? Just put AEDPA aside. We're just doing de novo as if we are the State district court. We're just trying to get it right. And we look at this and we see the register. How has petitioner carried his burden of proof, assuming that's where we are and you win on everything else? Yes. When we look at the State court record, we see only a register of actions that merely note that a 48-hour probable cause determination took place. And that probable cause was found. But that says nothing, absolutely nothing, as to whether it occurred by affidavit review. Nevada statutes say that such determinations may occur by affidavit or by a declaration. But isn't it petitioner's burden to establish that, given that that's in the record, that somehow regular processes weren't followed and it wasn't by affidavit review? In other words, it didn't occur in the normal course? That's petitioner's burden, right? Yes. And I don't mean to belabor the point, but that is a factual finding that has already been established. But this is, if you get past the AEDPA hurdles, are we not in de novo land where everything that the State courts did, right or wrong, benefiting the plaintiff or the defendant, is a clean slate? Again, I think that's what an AEDPA petitioner usually seeks and usually obtains if they've gotten past 2254D. So we're looking at this de novo. Can you take both the good and the bad? I'm going to ask this of your friend, too, but can you take both the good and the bad of the errors that are asserted in the State courts? Well, I don't think, even on that point, Your Honor, I don't think there's a clean slate. And this Court in Murray v. Schreyer said that, after pinholster, and I'm quoting, a Federal habeas court may consider new evidence only on de novo review subject to the limitations of 2254E2. 2254E applies to the applicant. The State's not the applicant. How is the State the applicant? The State is not the applicant. Okay. But, again, those are limitations on a petitioner. But they don't, by implication, provide the court, the Federal court, with an affirmative power to, A, disregard a presumption, a finding of fact that is presumed to be correct. And they also don't provide the Federal, the lower court, with the ability to expand the record. This Court said it best in Brown v. Baker. It said, EDPA does not provide, quote, an affirmative power to rule that a State court erred in doing too little to justify its detention of a petitioner. Comedy cuts both ways. But, counsel, 2255 — sorry, 2254E1 suggests that the presumption of correct factual findings can be overcome, right? Can be overcome by the petitioner, yes. So you're saying it's a one-way ratchet? Only the petitioner can overcome a factual finding, but the State cannot? Yes. How do you read that? Where does that come from? From Brown v. Baker. This Court has been — But how do you — how is that justified by the statute? Well, it's justified by the statute because of the same principles of comedy that guide the lower courts to repeatedly deny relief to a habeas petitioner. Well, I mean, the statute was operating under a background assumption that States, Federal courts can overturn factual findings, you know, when they want to. But then this was adding a layer for when you're overturning a factual finding in favor of the petitioner and saying it has to be clear and convincing error. That doesn't mean that the background principle that States can overturn factual findings is eviscerated completely. Well, if it isn't, then this — the lower courts would have the ability to ignore the principles of comedy that guide the statute and basically second out the State courts for the — It seems like, you know, AEDPA was clearly anti-petitioner, right? It's like, in a sense, like creating loops for the petitioner, but it's not saying anything about what the State can do. Right, but that does not give the lower courts — we can't read meaning into the statute that would allow for Federal courts to overreach. In this case, it's clear from the record, based on the State court record, that the State court knew best. The State court knows what a 48-hour probable cause hearing entails. It knows — Attorney General, I guess the — are we talking about — where did the factual finding on this point come from? Let's set aside the additional evidence, just on the register. It came from the court of appeal? It came from the Nevada court of appeals. I guess it's a matter of curiosity, but I think it's relevant to this. In Nevada, do courts of appeal have the power to make factual findings, or should we read it instead as just in terms of looking at the exact same record we would look at de novo? That's a puzzle to me. It's like, usually we think about trial courts being the ones making factual findings. Is that a thing in Nevada courts of appeal? The Nevada court of appeals looked at the entirety of the record and looked at the register of actions that had been submitted by the Petitioner, Mr. Rizzo.  It's the exact same thing. We're not talking about testimony. We're all just looking at basically a criminal docket. So I guess, first of all, I'm just not clear whether this is kind of a factual question or a legal question. It's the sort of thing that we take judicial notice of all the time. But even if it is, whether it's the sort of factual determination that requires deference by it where we are in the exact same position as the district court would be, as the court of appeal is, we're just looking at the documents, aren't we? Yes, but the Nevada court of appeals, what it did is it looked at the entirety of the record before it, and it determined, it made a factual finding that a probable cause determination had not occurred by affidavit review. Do you have a rule of process or something? I guess that's just new to me. So where should we look to understand whether a court of appeal can make factual findings? Well, that would be a procedural question for this. That would be inherent to the state court process. There's no question that the Nevada court of appeals, its factual finding involved issues of law as to what the 48-hour probable cause hearing entails. Right. But that's something we would be looking at de novo, assuming you clear AEDPA deference. That would be something that you would be looking at de novo, but the factual finding by the state court is entitled to deference usually because the state court knows the rules of practice in Nevada better than the federal court does. In other words, I've asked you at the beginning, in what way has Petitioner, assuming we get to de novo, in what way has Petitioner carried his burden of proof to be eligible for habeas relief? The one thing you're pointing to, we've got the presumption of regularity, we've got the register. The one thing you have is what the court of appeal said as to whether something did or didn't happen based on its view of the record on appeal. That's your entire case once you get to de novo. Once we get to de novo review, the record is clear that a probable cause determination by affidavit review never occurred, emphasis on affidavit review. And that is clear from, again, the record which shows that, for example, the lower court, so a sponsor requested additional records because they thought that the register of actions alone didn't establish that conditional cause, the meaning of that conditional clause. Well, it sounds like if, on your theory, that the court of appeal was able to find as a fact that was dispositive as to whether there's a breach or not, no amount of evidence could overcome that on your theory, right? The lower court found that there had been an unqualified right in the plea agreement to argue for habitual criminal status. The petitioner demonstrates that that was an unreasonable determination of fact, as the lower court found. Do you want to save some time for rebuttal? Yes, Your Honor. Thank you. Good morning, Your Honors. May it please the Court. My name is Brooke Jorgensen, and I represent the respondents in this matter. There are two issues that I want to draw to this Court's attention. First, the prosecution did not breach the plea agreement because a magistrate confirmed by probable cause against Gonzalez for the murder committed after the entry of his plea. Second, the gang evidence was properly considered because the sentencing court is permitted to consider various kinds of information to determine future dangerousness. Respondents agree that the lower court— Can I ask, is the State defending the State court's factual finding that the plea agreement did allow to argue for the enhancement without the independent magistrate finding? Respondents are arguing that the Nevada Court of Appeals' determination was unreasonable. It was, okay. Yeah, and we agree with the lower court that a de novo review should have been applied, and under a de novo review, Gonzalez fails to establish that the prosecution breached the plea agreement. Not to find a point on it, but unreasonable under D-1 or D-2. We, our own, in other words, usually the interpretation of a plea agreement is a question of law, so we would point to D-1. But it seems like the parties here are asserting that this is an unreasonable determination of fact. Yes, we agree with that. But how is that, I guess, is that right? In other words, I'm not sure quite what to turn on it, but I think it goes to the discussion I was having with your friend. If a plea agreement, so set aside the problem of whether the affidavit process was followed might be a question of fact to determine from the record. But the ground on which the court of appeal arguably erred, which maybe gets us all to the same place de novo in the end, but that is purely a question of contract interpretation or misinterpretation. And usually if we saw that on direct appeal, we'd review that de novo as a question of law. So how is it a question of fact? It's possible it could be both. I believe the factual finding that a magistrate did not find probable cause was an unreasonable determination of fact that the Nevada Court of Appeals found. And then they applied and said that it was also unreasonable that they found that the prosecution had an unqualified right to argue. Okay, so that could be the law, but the first part would be the fact. Yes. Okay. How did it happen? How did the state not present the magistrate's affidavit finding of probable cause to state courts? Could you repeat that question? How did this mistake happen? How did the state not present to the state courts the fact that an independent magistrate confirmed probable cause? I can't answer that. Has the state raised this particular argument at any point before its response to the petition? No, this is the first time. Should that matter to us? There's no case law saying that we can't raise an argument at this point in time. If we're on, okay. So do you concede that we're in de novo review then? Yes, Your Honor. Okay. So how does that work? How much of the state court proceedings are we stuck with on de novo review? I disagree with my friend on the other side, and I think we should not consider them at all. I think they're unreasonable. We should apply a whole de novo review, and that factual finding is not entitled to deference. Does E-1 not apply at all then, which requires a presumption of it to be correct? I think E-1 should apply.  Yeah, it's a little weird. This reminds me a little bit of, I think it's the, it's drawn in a strange way. The first sentence is general, but the second sentence suggests that it is only applicable to the applicant. Yeah, for the new evidence, yes, for the new evidence. Well, so then why is not the factual determination, why doesn't that take us right into a presumption of correction? So I, in other words, it started from the point that maybe we, the petitioner bears the burden of proof, and given a presumption of regularity and everything that we've seen, there's no evidence other than, and I think your friend agreed with me, that other than what the state court of appeal found, that the affidavit process didn't happen, right, that there was a breach. So if we have to presume that to be correct, now you have the burden and all we have is the register. Is that the right way of looking at it? I think the register is sufficient enough alone to demonstrate probable cause was found by a judge. How so, counsel? Because there was a 48-hour probable cause review, and in Nevada that comes along with the complaint and the other probable cause documents, although they were not part of the record, those records are included in that 48-hour probable cause review. We also believe that the supplemental exhibits, you guys can take judicial notice of them, or that under E-2 we're not barred from presenting that evidence. And what standard applies under E-1 if the applicant has to rebut their assumption of correction by clear and convincing evidence, does the government have to use the same standard? I don't think that's been answered yet. I think I have another way to put it. Assuming clear and convincing evidence, the standard applies, do you think the government has met that burden? I believe so. I believe we have met that burden. And is it just based off the register alone, or do we have to take the supplemental evidence into consideration too? I think it can be based off the register alone, but obviously with the supplemental exhibits, it's more clear and convincing. But that would only be, why would that be enough if the court of appeal, in fact, made a finding of fact that this didn't happen? A higher court in the state of Nevada, a state court that is, as your friend said, is expert in kind of how all of this works, I mean, it's a definitive ruling that that did not happen. How can you have, if you're working through the E-1 presumption, how can the state rebut on a question of state procedure a finding of fact that the court of appeal definitively made in the decision under review? If we're stuck with it. If even in De Novo we have to attend to that. I think the register of actions has clear and convincing evidence that a probable cause determination was found in. Didn't it have the register of actions before it? They did. Well, then we're just second-guessing now. You concede it's a factual determination that the court of appeal made, that they have a process for doing that and they did so here? That there was no probable cause found? Right, per the procedure. Yes, and I think that was incorrect. I think it was unreasonable. Okay. I think the clear and convincing evidence is the register of actions. I think they missed it. I mean, it says probable cause found. That's what I think the Nevada court of appeals missed it. Counsel, let me start asking you a little bit about the Dawson argument that your friend on the other side presented. Why didn't the court get it wrong when they looked into or took Mr. Gonzalez's gang affiliations into account at sentencing? Why are they allowed to do that here? I think the case most on point for that, for the second claim, is United States v. Schmidt, which was cited in his opening brief. In that case, the sentencing court heard unrelated evidence that the defendant was a white supremacist, and the sentence was upheld because the trial court was permitted to consider his beliefs for the purpose of determining his likelihood of future dangerousness. That's different than Dawson because in Dawson it was the jury who heard unrelated evidence. I think it's different having a sentencing judge hear that evidence versus a jury to determine the sentence. I also think that the unrelated information, the information not directly related to Gonzalez but about the gangs, was relevant and necessary to determine his future dangerousness. I want to, as you may be able to tell, I'm still a little puzzled by the procedure here. A couple of decades ago, our court was in the practice of just doing, starting with de novo review and then going and looking at the, and then applying deference effort. The Supreme Court told us, no, you don't have to do that. You should get through. You have to look at the 2254D factors. But for purposes of denying a petition, given that 2254 simply conditions a grant of relief, why can't we just start with de novo and would any part of 2254, D or E, need to apply? If we just treat this as the district court's in the position, the petitioner has the burden, we look at the record, all of the state court procedures wash away. In other words, it's kind of like with qualified immunity. We can do it out of order, and we just start with a de novo review and don't sweat 2254 if we don't find there to be a violation de novo. Are you saying in this case or in every case? Well, this case would be one where it might help. Yeah. I think Gonzales is arguing that it's an unreasonable determination, and he wants de novo review, but only of the parts that he wants de novo review of, and he can't have it both ways. If he wants de novo review, we're going to do de novo review, and he's not going to keep that one fact that's in his favor and throw out the rest. So then 2254E wouldn't apply? No. If there are no further questions, we ask this court to affirm the lower court's decision. Thank you, counsel. Thank you. The notion that 2254E1 and 2254E2 don't apply on de novo review is contradicted by this court's decision in Shriver v. Murray. 2254E continues to apply. And perhaps more importantly, 2254E does not provide a mechanism for the federal court to swastika do what it did. This case is particularly egregious because the state at no point made this argument, at no point sought to expand the record. It was all done swastika by the federal court, and it was done pursuant to a section of the statute that does not give it that authority. I think that the decision, again, I don't mean to belabor the point, but the decision in Brown v. Baker is 100% on point. 2254D and 2254E restrict a petitioner's ability to obtain habeas relief. They do not grant federal courts an affirmative power to disregard findings of fact that benefit a defendant. What's good for the goose is good for the gander. The statute must be... I'm just not so sure that's correct under AEDPA. That's my problem with this. I mean, as we said, AEDPA was specifically done to stop federal courts from granting habeas petitions. Yes, and the notion or the concept behind that is the principle of comedy, and that applies here as well. But the comedy goes away if you succeed in... I mean, you have to get through 2254D1 or 2, whichever it is. The comedy's not at issue anymore in a successful claim. A successful claim, once you've established that there was an error that was unreasonable, fact or law, it is de novo. We've already gotten past the comedy concerns, and now we're just asking, what does a petitioner have to establish to win? Your Honor, sadly, as we find out on almost every habeas case, that is not the case. 2254E continues to apply under de novo review. It just... What Pinholster held is that when analyzing 24D1, the federal courts must refrain to the state court record. At no point did it say 2254E goes away. This is a situation that habeas petitioners have to deal with over and over and over again. And so we ask that those same narrow limitations be applied and not disregarded merely before these factual findings benefit the habeas petitioner. My understanding is you want us to apply what E1 and 2, which is textually only to the applicant, and apply that to the State as well. My overarching argument, Your Honor, is that there's no mechanism for doing what... They can't do it at all. They can't do it at all. But to the extent that they... To the extent that a presumption of correctness... Funny fact, a presumption of correctness can be overcome or rebutted. Only the applicant... It's the same argument. Only the applicant can do that through clear and convincing evidence. And the same goes for 2254E2. To the extent the record can be expanded, it can only be expanded by the applicant if he shows a very narrow, a very narrow limited set of circumstances, such as the exercise of due diligence in the State court. Counsel, I know you're over time, but I did want to give you an opportunity to address the Dawson argument. Yes, Your Honor. I understand that Dawson is somewhat not favorable law for us, but what is different about this case is the sheer amount of gang evidence that was introduced, and it's the explicit representation by the prosecutor at sentencing that he was introducing that evidence to show who Mr. Gonzalez hung out with. That's a quote. And who he, quote, associated with. So in this case, it wasn't to show future dangerousness. Perhaps some of the evidence was, but the vast majority of the evidence, the 75 PowerPoint slides, only three of which concern Mr. Gonzalez, they meant to show bad character through association, and that is strictly prohibited by the First Amendment's right of association. Your Honor, I apologize for going over time. We took you over. Thank you so much, Counsel. This case is submitted. Thank you.
judges: BUMATAY, JOHNSTONE, ALBA